AQUILA MANCINELLI, Defendant in Error, *vs.* RAFFAELE DE BARTOLO *et al.*—(TERESA DE BARTOLO COCUZZA, Plaintiff in Error.)

*Opinion filed April 22, 1915—Rehearing denied June 10, 1915.*

JUDICIAL SALES—*when evidence must show that the administrator was, in fact, the real purchaser.* Where a bill to set aside a sale to pay debts upon the ground that the purchaser was only a nominal purchaser acting for the administrator is answered by a third party, who denies the allegations of the bill and alleges facts which, if true, show an absence of fraud, it is incumbent upon the complainant to prove the allegations as to the nominal purchaser, even though the answer of the administrator, which is limited to himself, might support a decree divesting him of any rights acquired by the sale.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

Q. J. CHOTT, and FRANK H. CULVER, for plaintiff in error.

SIMEON STRAUS, and IRA E. STRAUS, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Aquila Mancinelli, the defendant in error, filed her amended bill for partition in the superior court of Cook county, wherein she alleged that her mother, Maria de Bar-

tolo, died April 27, 1889, intestate and seized in fee of the south half of lot 7, in block 39, in School Section addition to the city of Chicago; that she left surviving her Raffaele de Bartolo, her husband, and the defendant in error, Assunta, Michael and Louis, her only children and descendants; that thereafter Louis and Michael died, both in infancy; that Raffaele was duly appointed administrator of the estate of Maria, and as such administrator secured a decree in the probate court directing the sale of the real estate to pay debts; that the sale was made to Henry J. Branden on June 19, 1896, for $500, subject to the dower and homestead rights of said Raffaele and subject to an encumbrance of $3600; that said Branden acted at the sale as the trustee for the administrator; that no money was paid by Branden on the purchase; that Raffaele and his wife, Teresa, (to whom he was married since the death of Maria,) after the administrator's sale conveyed the interest of Raffaele in said premises to Branden by quit-claim deed; that said Branden thereafter, on November 17, 1896, by quit-claim deed conveyed the premises to said Teresa; that Teresa, on October 21, 1897, by quit-claim deed, her husband joining therein, conveyed an undivided two-thirds of the premises to Raffaele; that the administrator's sale to Branden is voidable, for the reason that Raffaele was, in fact, the purchaser and that said sale was made solely for the purpose of divesting the heirs of Maria of the title; that Teresa was not a purchaser for value but acted with Raffaele for said purpose and was a party to the fraud thereby attempted upon the defendant in error and Assunta, who are the equitable owners of the undivided one-third held by Teresa. It is further alleged that Raffaele died intestate June 22, 1912, seized of an equitable title to one-third of said real estate and the legal title to two-thirds thereof, and leaving surviving him said Teresa, his widow, and the defendant in error and Assunta, his daughters and only heirs-at-law, and that upon the death of said Raffaele

defendant in error and Assunta became seized each of one-half of said real estate, subject to the homestead and dower of Teresa in one-third thereof.

Assunta answered the amended bill, admitting the truth of all the allegations thereof and consenting to a decree as prayed. Raffaele in his lifetime answered the original bill, which charged the same fraud as the amended bill, admitting his appointment as administrator of the estate of his wife, Maria, and reciting that he was the equitable owner of the premises and that his wife (Maria) held the legal title in trust for him; that he was advised by his attorney that at the administrator's sale his said attorney would procure a person to buy the premises for him, and that if he would thereafter re-pay such person the purchase price he would convey the premises to Raffaele upon such payment. Teresa, who has since intermarried with one Cocuzza, answered the amended bill, denying all the allegations of fraud and reciting that the proceedings in the probate court for the sale of said real estate by the administrator were in all respects regular; that the sale to Branden was for the full value of the property, and the conveyance thereafter by Raffaele and herself to Branden was for the purpose of releasing the dower and homestead rights of Raffaele; that the best market value of the real estate at the time of the sale did not exceed $4000, and that Branden paid the full amount of his bid and the money was accounted for by the administrator. She denies that there was any collusion or understanding between Branden and the said Raffaele in regard to the sale, but avers that Branden attempted to sell said real estate and was not able to find a purchaser who would pay him the amount he had paid for the property subject to the encumbrance; that the note for $3600 secured by trust deed upon the property was due and foreclosure was threatened, for which reason Branden was anxious to dispose of the property; that she thereupon purchased said real estate from Bran-

den and paid him $500 therefor; that a new note for $3000 was given to another party, which was secured by trust deed on the premises, and the mortgage encumbrance was thereby reduced by her to the extent of $600, which she paid out of her own funds; that she thereafter conveyed an undivided two-thirds of said real estate to said Raffaele, and that she and Raffaele together saved their earnings and repaired the buildings then on the premises and erected another building thereon at the cost of $5000. She then specifically denies all the allegations of fraud in the amended bill and alleges that she was a purchaser in good faith and for full value from Branden; that she is seized in fee simple of one-third of said real estate and is entitled to dower and homestead in the remaining two-thirds and that defendant in error and Assunta are each seized of one-third, subject to such dower and homestead rights.

The cause was heard on the bill, answers, exhibits and oral testimony. The only evidence offered consisted of the inventory in the estate of Maria, the account of the administrator, the petition and order of the probate court to sell the real estate to pay debts, and the testimony of defendant in error, who testified only as to her age, the death of her mother, the condition of the property, the fact that both she and her sister lived therein until after they became of age, and that it is now occupied by her step-mother, Teresa. The chancellor found all the facts as alleged in the amended bill of complaint; that Raffaele was the purchaser of said real estate at his own sale and that the sale should be set aside; that Teresa was not a purchaser for value without notice, and that the one-third standing in her name is the property of defendant in error and Assunta, and decreed partition between defendant in error and Assunta, subject to the encumbrance of $3000 and subject to the dower and homestead rights of Teresa in the undivided one-fourth of the premises, and appointed commissioners

to make partition.   This writ of error has been sued out to reverse that decree.

Defendant in error defends the decree upon the ground that the circumstances disclosed that the administrator's sale was void because the administrator purchased the property through the intervention of Branden and that the sale was therefore properly set aside, and claims that fraud will be presumed from the circumstances disclosed in the pleadings.   In this contention she relies upon the line of cases which hold that the purchase of real estate by an administrator at his own sale through the intervention of a third party is fraudulent *per se*.   No rule of law is better established in this State than the one relied upon by defendant in error, but that rule simply means that the purchase by an administrator through the intervention of a third party who is, in fact, but a nominal purchaser is the same as the purchase by the administrator directly.   It is always necessary, however, to show that the third party through whom the purchase is made was, in fact, but a nominal purchaser and was acting for the administrator.   The answer of Raffaele is sufficient, so far as his own rights are concerned, to support a decree divesting him of the title he acquired through Branden and Teresa, but his answer does not conclude Teresa, so far as her rights are concerned.   By her answer she denies any fraud and states facts which, if true, show an absence of fraud.   It was therefore incumbent upon defendant in error, as against Teresa, to establish the allegations of her bill by proof.   This she failed to do, as she offered no testimony tending to prove that Raffaele was, in fact, the real purchaser at the administrator's sale.   The court therefore erred in divesting Teresa of her title to the property and in decreeing partition between defendant in error and Assunta.

The decree of the superior court is reversed and the cause is remanded.                    *Reversed and remanded.*